Argued January 15, affirmed January 29, 1918.

## In Re Will of SUE PARROT KING.

## KING v. TONSING, Executor.[*]

(170 Pac. 319.)

**Wills—Testamentary Capacity—Burden of Proof.**

1. The burden of proof was on proponent to establish the testamentary capacity of deceased by a preponderance of testimony.

**Wills—Testamentary Incapacity—Sufficiency of Evidence.**

2. In proceedings to probate a will, evidence *held* to sustain a finding of testamentary incapacity.

[As to unnatural or unjust disposition of estate as evidence of testamentary incapacity, see note in Ann. Cas. 1917E, 130.]

From Multnomah: Calvin U. Gantenbein, Judge.

Department 1. Statement by Mr. Chief Justice McBride.

On January 15, 1915, Sue Parrot King, the wife of respondent A. E. King, died leaving what purported to be her last will and testament, whereby the bulk of her estate, which seemed to have been not more than $2,000 in value, was bequeathed to certain minor children of her two sisters, and a small interest in real property in Portland, Oregon, was bequeathed to her sisters Anna E. Chitty and Harriet May Tonsing and the respondent in equal shares, the approximate value of each share being $111. Henry Tonsing, the husband of Harriet May Tonsing, was designated therein as executor and filed the will for probate, whereupon Arthur E. King interposed this contest on the grounds that the deceased was not at the time of the execution of the alleged will of sound and disposing mind, and that said will was procured by undue influence exercised on the mind of deceased by her sisters Mrs. Ton-

*On presumption and burden of proof as to testamentary capacity, see notes in 17 L. R. A. 494; 36 L. R. A. 724, 733.     Reporter.

sing and Mrs. Chitty. The matter was tried out in
the County Court before Hon. T. J. Cleeton, County
Judge, who found in substance that the will was void
by reason of the alleged undue influence; and upon an
appeal to the Circuit Court, Hon. C. U. Gantenbein
presiding, the decree was affirmed with findings sub-
stantially that the deceased was not of sound and dis-
posing mind at the time said will was executed, and
was unduly influenced by her sisters. The case is here
upon appeal by proponent from this decree.

AFFIRMED.

For appellant there was a brief over the name of
*Messrs. Clark, Skulason & Clark,* with an oral argu-
ment by *Mr. Bardi G. Skulason.*

For respondent there was a brief over the name of
*Messrs Griffith, Leiter & Allen,* with an oral argument
by *Mr. Harrison Allen.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The testimony taken in this case is voluminous
and somewhat contradictory. The burden of proof was
upon the proponent to establish the testamentary capa-
city of the deceased by the preponderance of testi-
mony, and a careful reading of it satisfies us that in
this he has failed. A large number of witnesses, some
of them relatives by marriage or otherwise and who
knew Mrs. King intimately, have testified as to her
weakened mental and physical state, and expressed
their decided opinions that she was incapable of mak-
ing a will. These witnesses were wholly disinterested
and their opportunities for knowledge of the true men-
tal condition of deceased were good, and we are in-
clined to accept their testimony. It is true that other
witnesses testified that in their opinion decedent pos-

sessed testamentary capacity, but their opportunities for observation were either slight or they were indirectly or directly beneficiaries under the will. Mr. Clark, who prepared the will at the request of and from data furnished principally by Mrs. Tonsing, testified that he saw nothing to indicate mental incapacity at the time the will was executed, but he was in her presence only a short time and was not as well qualified to judge of her condition as others who saw her frequently and knew her intimately. Considering the kind and affectionate treatment of Mrs. King at all times by her husband, the will was an unnatural one to make. The fact that it was prepared at the request of one of the beneficiaries and by data furnished by her indicates that it was executed in secret; that great pains were taken by Mrs. Chitty and Mrs. Tonsing, whose children were to secure the principal benefit of the will, to keep the fact of its execution from being known to her husband; and that some of these very persons were in the habit of relating to deceased alleged gossip concerning the morals of her husband, none of which was shown to have had any foundation, goes far to induce the belief that undue advantage was taken of her enfeebled mental condition to poison her mind against him, with a view to persuade her to disinherit him to the advantage of the interested parties.

2. Enfeebled mentality, secrecy and self-interest are three dangerous guests to be present together at the making of a will, and they were all there when this will was executed. To attempt to discuss the evidence in detail would needlessly encumber the reports and be of no value to anybody in the future. From a careful consideration of the whole record we are of the opinion that the conclusion drawn from the testimony

by both learned Judges who passed upon this case be-
low, was correct and that the decree should be affirmed.

AFFIRMED.

MR. JUSTICE BURNETT, MR. JUSTICE BENSON and MR.
JUSTICE HARRIS, concur.

---

Motion to dismiss appeal allowed January 29, 1918.